IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTEN KAM, as Next Friend for K.K., a Minor,<br><br>                    Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII BOARD OF EDUCATION; STATE OF HAWAII DEPARTMENT OF EDUCATION; SHAWN SUZUKI, individually and in his official capacity as principal of KONAWAENA HIGH SCHOOL; and DOE DEFENDANTS 1–50,<br><br>                 Defendants. | CIVIL NO. 21-00211 JAO-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS STATE OF HAWAII BOARD OF EDUCATION, STATE OF HAWAII DEPARTMENT OF EDUCATION, AND SHAWN SUZUKI'S MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT, FILED JUNE 1, 2021** |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS STATE OF HAWAII BOARD OF EDUCATION, STATE OF HAWAII DEPARTMENT OF EDUCATION, AND SHAWN SUZUKI'S MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT, FILED JUNE 1, 2021**

In this action, Plaintiff Kristen Kam ("Plaintiff"), as next friend of her minor daughter ("K.K."), asserts claims under Title IX of the Civil Rights Act of 1964, constitutional claims under 42 U.S.C. § 1983, and state tort claims against Defendants State of Hawaiʻi Board of Education (the "BOE"); State of Hawaiʻi Department of Education (the "DOE"); and Shawn Suzuki ("Suzuki"), individually and in his official capacity as principal of Konawaena High School (collectively, "Defendants").  Defendants move to dismiss certain claims in Plaintiff's First

Amended Complaint ("FAC"), ECF No. 7, for failure to state a claim.  *See* ECF No. 11 ("Motion").  The Court elects to decide this matter without a hearing pursuant to Local Rule 7.1(c).  For the following reasons, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

## I.    BACKGROUND

**A.    Facts**[1]

K.K. was a student at Konawaena Middle School (the "Middle School") when the events giving rise to this action occurred.  ECF No. 7 ¶¶ 11, 15.  The Middle School is directly adjacent to Konawaena High School (the "High School"), and students freely travel between the two school campuses.  *Id.* ¶¶ 11, 14.  The Middle School and High School are both co-educational public schools that receive federal funding and are governed by the DOE.  *Id.* ¶¶ 12–13.  The BOE, in turn, formulates statewide educational policies, including the appointment of executive officers of the public school system.  *Id.* ¶ 9.

Between November 2018 and February 26, 2019, K.K., a female student, was repeatedly sexually harassed, sexually abused, harassed, and/or bullied by a male student (the "Male Student") who was a student at the High School.  *Id.*

---

[1]  These facts are based on the allegations in the FAC, ECF No. 7, which are taken as true for purposes of the Motion.

¶¶ 15–17.  Defendants had notice of at least one restraining order that had been filed against the Male Student by another female student for similar misconduct. *Id.* ¶¶ 18–19.  Defendants were further aware prior to November 2018 that the Male Student had sexually assaulted, sexually abused, and/or harassed other female students.  *Id.* ¶ 19.  Defendants failed to take action to protect K.K. as well as other female students or take remedial or punitive measures against the Male Student, even after students and/or parents made complaints directly to Suzuki about the Male Student's misconduct from 2015 to 2019.  *Id.* ¶¶ 20–22, 24, 27. After Suzuki failed to implement remedial measures, K.K. was sexually assaulted on repeated occasions in the "E" building of the High School.  *Id.* ¶ 25.

After Defendants failed to take punitive actions against the Male Student, Plaintiff sought a temporary restraining order against him in March 2019 without the assistance of Suzuki or the school[2] and reported the sexual assault to the police; both actions allowed K.K. to complete the school year at the Middle School.  *Id.* ¶¶ 26, 28.

On June 15, 2019, Plaintiff contacted Suzuki to schedule a meeting regarding K.K. enrolling in the High School the following school year, informing Suzuki that K.K. was hesitant to attend the High School.  *Id.* ¶¶ 29–30.  At a

---

[2]  It is unclear whether "the school" referenced in paragraph 26 of the FAC is the Middle School or the High School.  *See* ECF No. 7 ¶ 26.

3

meeting on July 9, 2019, K.K. expressed serious concerns about attending the High School that fall because the Male Student's siblings would also be students there and because there was a restraining order in place on behalf of K.K. against the Male Student. *Id.* ¶¶ 31–32. The restraining order, of which Defendants were aware, enjoined both the Male Student and "any other person acting on [his] behalf" from "contacting, threatening or physically harassing" K.K. *Id.* ¶¶ 33–34. K.K. informed Suzuki that she was scared, upset, and alarmed that the Male Student's siblings would be in close personal contact and in the same classroom as her, and requested that Suzuki and the High School keep those siblings away from her because she was afraid that they would contact, threaten, or harass her. *Id.* ¶¶ 35–36. Defendants failed to provide K.K. with any assurance that they would take remedial measures to protect K.K. from the Male Student's siblings at the High School, and K.K. left the meeting feeling that her concerns were not adequately recognized and that Defendants would not take any steps to protect her. *Id.* ¶¶ 37–38.

K.K. therefore had no choice but to attend another school to protect herself from further harassment by the Male Student and his siblings, and obtained a geographic exception to attend a different high school. *Id.* ¶¶ 40–41. On July 17, 2019, Plaintiff informed Suzuki via text message that K.K. would not be attending

the High School because of his refusal to take remedial measures to protect K.K.

*Id.* ¶ 42.

## B.   Procedural History

Plaintiff commenced this action on March 30, 2021 by filing her Complaint,
ECF No. 1-1, in the Circuit Court of the Third Circuit, State of Hawaiʻi.
Defendants filed their Notice of Removal on April 29, 2021.  ECF No. 1.  On June
1, 2021, Plaintiff filed the FAC, asserting the following claims against all
Defendants:  Count I – Violation of Title IX of the Civil Rights Act of 1964
(against all defendants); Count II – Violation of § 1983 and the Fourteenth
Amendment, Equal Protection Clause (against Suzuki); Count III – Negligent
Training and/or Supervision (against the BOE and the DOE);[3] Count IV –
Negligence (against all defendants); Count V – Gross Negligence (against all
defendants); Count VI – Intentional Infliction of Severe Emotional Distress
("IIED") (against all defendants); and Count VII – Negligent Infliction of
Emotional Distress ("NIED") (against all defendants).  ECF No. 7.  Plaintiffs pray
for special damages, general damages, injunctive relief, punitive damages,
reasonable attorneys' fees and costs, and pre- and post-judgment interest.  *Id.* at 18.

---

[3]  In the FAC, Plaintiff asserts Count III against all Defendants but clarifies in her
Opposition to the Motion that she asserts this claim only against the BOE and the
DOE.  *See* ECF No. 7 at 14; ECF No. 17 at 4.

On June 25, 2021, Defendants filed their Motion for Partial Dismissal.  ECF

No. 11.  The following table indicates the claims of which Defendants seek

dismissal:

|  | Suzuki, in his official capacity | Suzuki, in his individual capacity | The BOE | The DOE |
|---|---|---|---|---|
| Count I (Title IX) | ✓ | ✓ |  |  |
| Count II (Equal Protection) |  |  | Not alleged | Not alleged |
| Count III (Negligent Training/Supervision) | Not alleged | Not alleged | ✓ | ✓ |
| Count IV (Negligence) | ✓ | ✓ | ✓ | ✓ |
| Count V (Gross Negligence) | ✓ | ✓ | ✓ | ✓ |
| Count VI (IIED) | ✓ |  | ✓ | ✓ |
| Count VII (NIED) | ✓ | ✓ | ✓ | ✓ |

ECF No. 11-1 at 3–7.

On July 9, 2021, Plaintiff filed her Memorandum in Opposition to

Defendants' Motion, ECF No. 17, and on July 15, 2021, Defendants filed their

Reply in support of the Motion.  ECF No. 19.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted).  Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice.  *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must accept as true all the allegations contained in the complaint does not apply to legal conclusions.  *See id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citation omitted); *see Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss." (citation omitted)). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," however, a court cannot dismiss a

complaint.  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted).

## III.   DISCUSSION

### A.   Title IX of the Civil Rights Act of 1964

In Count I, Plaintiffs claim that Defendants violated Title IX of the Civil Rights Act of 1964 by failing to investigate or stop the sexual harassment to which K.K. was subjected.  ECF No. 7 at 10–13.  Defendants argue that Count I should be dismissed as to Suzuki because Title IX does not "'authoriz[e] suit against school officials, teachers, and other individuals.'"  ECF No. 11-1 at 3 (quoting *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)) (other citation omitted).  Plaintiff concedes that she does not have a remedy under Title IX against Suzuki and agrees that this claim only applies to the BOE and the DOE.  ECF No. 17 at 4.  Count I is therefore DISMISSED WITH PREJUDICE as to Suzuki in his official and individual capacities.

### B.   Plaintiff's Negligence Claims against Suzuki in His Individual Capacity

In Counts IV, V, and VII, Plaintiff asserts claims for negligence, gross negligence, and NIED against Defendants based on Defendants' failure to maintain a safe school environment for K.K.  *See* ECF No. 7 at 15–18.  Defendants contend that these claims should be dismissed as to Suzuki in his individual capacity because Suzuki did not owe a duty of care giving rise to a claim sounding in

9

negligence.  *See* ECF No. 11-1 at 7–12.  Plaintiff concedes that Suzuki did not have a special relationship with K.K. giving rise to such a duty and states that she does not assert Counts IV, V, and VII against Suzuki in his individual capacity. ECF No. 17 at 6.  Counts IV, V, and VII are therefore DISMISSED WITH PREJUDICE as to Suzuki in his individual capacity.

**C.    Statute of Limitations**

In Counts III through VII, Plaintiff asserts claims against Defendants for negligent training and/or supervision,[4] negligence, gross negligence, IIED, and NIED.  The BOE, the DOE, and Suzuki, in his official capacity, seek dismissal of these claims based on the statute of limitations set forth in the State Tort Liability Act ("STLA").  ECF No. 11-1 at 4–7.  Under the STLA, "[a] tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues, except in the case of a medical tort claim when the limitation of action provisions set forth in section 657-7.3 shall apply."  Hawaiʻi Revised Statutes ("HRS") § 662-4.  Thus, absent any tolling of the statute of limitations, any claim based on an act that occurred prior to March 30, 2019 (two years before Plaintiff filed the Complaint) would be barred by HRS § 662-4.  Defendants argue that Plaintiff knew of the Male Student's sexual assault no later than February 26,

---

[4]  Plaintiff asserted Count III (negligent training and/or supervision) only against the BOE and the DOE.  *See* ECF No. 17 at 4.

2019, and that Plaintiff's filing of the Complaint on March 30, 2021 was therefore untimely.  ECF No. 11-1 at 7.  Plaintiff agrees that the statute of limitations in HRS § 662-4 is applicable, but argues that Defendants' actions constitute a continuing tort, or, in the alternative, that she pled discrete tortious acts occurring within the limitations period.  ECF No. 17 at 11–15.

A continuing tort is "'one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action.'"  *Anderson v. State*, 88 Hawai'i 241, 247, 965 P.2d 783, 789 (App. 1998) (quoting 54 C.J.S. *Limitations of Actions* § 177 (1987)).  The continuing tort exception applies where there is "'no single incident in a continuous chain of tortious activity [that] can fairly or realistically be identified as the cause of significant harm, [and] it seems proper to regard the cumulative effect of the conduct as actionable.'"  *Id.* at 248, 965 P.2d at 790 (quoting *Curtis v. Firth*, 850 P.2d 749, 754 (Idaho 1993)) (some brackets in original).  For the continuing tort exception to apply, the conduct at issue must be "'the type of conduct that the continuing tort exception is intended to encompass,' as compared to a 'series of separate and distinguishable acts.'"  *Begley v. County of Kauai*, No. CV 16-00350 LEK-KJM, 2018 WL 295799, at *3 (D. Haw. Jan. 4, 2018) (quoting *Boyd v. Univ. of Hawai'i*, No. 30547, 2012 WL 503797, at *3 (App. Feb. 13, 2012) (mem.)).  The continued injurious effects of prior acts are insufficient to trigger the

11

continuing tort exception, "absent an allegation of continuous unlawful acts." *Id.* (citing *Casino v. State, Dep't of Health*, No. 22610, 2003 WL 23019422, at *3 (Haw. Dec. 29, 2003) (SDO)). "Where the defendant could have taken curative action at all times, the damage 'cannot be deemed to be a permanent nuisance' and thus is 'a continuing injury against which the statute of limitations' does not run."[5] *Aana v. Pioneer Hi-Bred Int'l, Inc.*, 965 F. Supp. 2d 1157, 1181–82 (D. Haw. 2013) (quoting *Anderson*, 88 Hawai'i at 249, 965 P.2d at 791)).

Defendants assert that "the sole allegation of wrongful conduct . . . is the alleged assault and harassment of Plaintiff [sic] by the other student." ECF No. 19 at 4. But this is not so. Rather, the Complaint outlines a series of alleged failures that occurred both before *and after* Male Student's alleged misconduct. Specifically, Plaintiff alleged that Defendants (1) failed to take actions to protect K.K. from the Male Student prior to November 2018 despite receiving reports that the Male Student had previously engaged in serious misconduct, ECF No. 7 ¶¶ 19–23; (2) failed to take actions to protect K.K. after repeated assaults occurred between November 2018 and February 26, 2019, *id.* ¶¶ 16, 26–27; and (3) refused

---

[5] Although "the statute of limitations is tolled by a continuing tortious act, . . . 'a recovery may be had for all damages accruing within the statutory period before the action, although not for damages accrued before that period.'" *Anderson*, 88 Hawai'i at 250, 965 P.2d at 792 (quoting *Wong Nin v. City & County of Honolulu*, 33 Haw. 379, 386 (Haw. Terr. 1935), *reh'g denied*, 33 Haw. 409 (Haw. Terr. 1935)).

to take remedial measures in July 2019 to protect K.K. from the Male Student and his siblings after K.K. met with Suzuki on July 9, 2019 before starting high school. *Id.* ¶¶ 37–39.

While it is a close call, the Court concludes that Defendants' conduct *may* constitute a continuing tort such that the statute of limitations affirmative defense is not "obvious on the face of [the] complaint." *See Rivera*, 735 F.3d at 902 (citation omitted). Caselaw supports this determination.

In *Anderson*, the Hawaiʻi Supreme Court concluded that the trial court wrongfully granted the State summary judgment based on the statute of limitations in the STLA because there were genuine issues of material fact regarding whether the diversion of water from a stream onto the plaintiff's property was continuous or permanent. *See Anderson*, 88 Hawaiʻi at 250, 965 P.2d at 792. Similarly, in *Aana*, the court determined that the plaintiffs pleaded sufficient facts for the continuing tort doctrine to toll the statute of limitations because the complaint alleged the migration of pollutants into their community was a continuing wrong arising out of poor soil conservation practices. *See Aana*, 965 F. Supp. 2d at 1181–82. Similarly, here, Plaintiff's tort claims do not relate to any discrete act but rather alleged *ongoing inaction* and failures to take any remedial actions in order to protect K.K. from the Male Student. *See* ECF No. 7 ¶¶ 20–21, 24, 26–27. Defendants' failure to act was a course of conduct that continued over many

13

months; there was hence no single incident that "can fairly or realistically be identified as the cause of significant harm." *See Anderson*, 88 Hawai'i at 248, 965 P.2d at 790 (internal quotation marks and citation omitted).

The Court therefore concludes that it would be appropriate to apply the continuing tort exception — at least at the motion to dismiss phase — because Plaintiff pleaded facts showing that Defendants failed to take steps to protect K.K. both inside and outside of the limitations period with harm resulting during both time periods.

Defendants argue for the first time in their Reply that Plaintiff failed to plead a colorable tort claim based on acts that occurred subsequent to the assault by failing to identify the specific tort that occurred, the duty Defendants owed to Plaintiff, and how that duty was violated. ECF No. 19 at 5–7. While couched as a response to Plaintiff's assertion of the continuing tort doctrine, the question of whether Defendants' alleged failure to protect K.K. from the Male Student is actionable under tort law is distinct from the question addressed in the Motion: whether Plaintiff's tort claims against Suzuki, in his official capacity, the BOE, and the DOE accrued within the limitations periods.

The Court therefore declines to consider Defendants' argument that Plaintiff failed to plead a viable tort claim based on Defendants' inaction. *See* LR 7.2 ("Any argument raised for the first time in the reply shall be disregarded."). A

14

"fundamental purpose behind this rule is to prevent 'the unfair surprise and prejudice that can result from an untimely filed argument.'" *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, Civ. No. 09-00181 DAE-KSC, 2011 WL 1230144, at *8 (D. Haw. Mar. 28, 2011) (discussing prior version at LR 7.4).  It would be unfairly prejudicial to Plaintiff to consider Defendant's argument that Plaintiff failed to state a tort claim based on Defendants' inaction when the Motion raised only a statute of limitations defense.

In light of the Court's conclusion that the FAC sets forth a colorable continuing tort, the Court need not reach Plaintiff's alternative argument that Suzuki's acts and omissions in July 2019, namely his actions at the July 9, 2019 meeting and general failure to act, constitute a separate tort within the limitations period.  ECF No. 17 at 15.

The Court therefore DENIES the Motion to dismiss Counts III through VII based on the statute of limitations.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss Complaint.

Count I is DISMISSED WITH PREJUDICE as to Suzuki in his official and individual capacities.

Counts IV, V, and VII are DISMISSED WITH PREJUDICE as to Suzuki in his individual capacity.

The Motion is DENIED with respect to Defendants' request to dismiss Counts III through VII based on the statute of limitations.

The following claims remain in this action:  Count I (against the DOE and the BOE); Count II; Count III (against the DOE and the BOE); Count IV (against Suzuki in his official capacity, the BOE, and the DOE); Count V (against Suzuki in his official capacity, the BOE, and the DOE); Count VI (against Suzuki in his official capacity, the BOE, and the DOE); and Count VII (against Suzuki in his official capacity, the BOE, and the DOE).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, August 18, 2021.



_____
Jill A. Otake
United States District Judge

Civil No. 21-00211 JAO-KJM, *Kristen Kam, as Next Friend for K.K., a Minor v. State of Hawaii Board of Education, et al.*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS STATE OF HAWAII BOARD OF EDUCATION, STATE OF HAWAII DEPARTMENT OF EDUCATION, AND SHAWN SUZUKI'S MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT, FILED JUNE 1, 2021